**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIANGLING LIN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-73202

Agency No. A209-218-244

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 23, 2020[**]
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Petitioner Xiangling Lin, a native and citizen of China, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by

an Immigration Judge ("IJ") of his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  Lin claimed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

persecution on the ground that family planning authorities forced his wife to have an abortion when she was pregnant with their third child, and that the same authorities later threatened him with forced sterilization. In this petition, Lin contests the adverse credibility determination underlying the denial of his claims for relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA conducts its own review of the facts and law, we review only the BIA's decision except to the extent that the BIA expressly adopts the IJ's opinion." *Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). The court reviews those parts of the IJ's decision on which the BIA relied. *Id.* We must uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir. 2005).

The BIA identified several apparent inconsistencies between Lin's testimony and written submissions. Among these were Lin's alleged failure to mention on his asylum application that he went into hiding after being threatened with sterilization, that Lin failed to include the address of his alleged hiding place on his asylum application, and that Lin's "Certificate of Birth Control Operation" did not suggest that his wife had an involuntary abortion. The BIA also noted Lin's

2

inconsistent and evasive testimony about being in hiding with his cousin for nearly a year in 2015.

Some of these findings are not supported by the record. For instance, Lin did indeed state on his application that he went into hiding after threats from family planning authorities, and Lin's decision to provide his actual residential address instead of that of his alleged temporary hiding place, is likely only a "minor inconsistenc[y]." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011); *see Qiu*, 944 F.3d at 844.

Nevertheless, as the BIA noted, Lin's testimony concerning hiding with his cousin was "evasive" and, as Lin concedes on appeal, "less than clear." During the time that Lin had allegedly been in hiding, he had nevertheless visited the U.S. consulate in an attempt to obtain a visa, and had also obtained an identification card from the local government. When the IJ asked Lin if he had been in hiding when attempting to obtain these documents, Lin became evasive and stated that he was hiding only part of the time. Pressed by the IJ, he stated that he had in fact been in hiding. Lin did not adequately explain how, despite being in hiding, he obtained his government-issued identification card. Further "reflect[ing] adversely on the bona fides of his claim" was the fact that Lin failed to mention on his asylum application that he had spent nearly a full year in hiding.

3

"To reverse [an adverse credibility] finding we must find that the evidence not only *supports* [a contrary conclusion], but *compels* it." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (emphases and second alteration in original) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1 (1992)). Given Lin's inconsistent and evasive testimony about being in hiding, we cannot say that the record compels a contrary conclusion. Absent credible testimony, Lin is unable to sustain his burden to demonstrate entitlement to asylum, withholding of removal, or CAT protection. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**